UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

IN RE VIVENDI UNIVERSAL, S.A.
SECURITIES LITIGATION

This Document Relates To:

| | |
|---|---|
| 07 Civ. 5742 | 07 Civ. 7370 |
| 07 Civ. 7775 | 07 Civ. 7776 |
| 07 Civ. 7778 | 07 Civ. 7779 |
| 07 Civ. 7802 | 07 Civ. 7803 |
| 07 Civ. 7863 | 07 Civ. 8156 |
| 07 Civ. 8208 | 07 Civ. 8830 |
| 07 Civ. 9229 | 07 Civ. 9592 |
| 07 Civ. 9593 | 07 Civ. 10578 |
| 07 Civ. 10954 | 07 Civ. 10995 |
| 07 Civ. 11092 | 07 Civ. 11297 |
| 07 Civ. 11305 | |

------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/7/08

No. 02 Civ. 5571 (RJH) (HBP)

**SCHEDULING ORDER**

A conference having been held in these cases on October 30, 2007; the parties having submitted proposals regarding scheduling in the above-captioned actions (the "Individual Actions"); and the Court having considered the submissions of the parties, it is hereby ordered:

1. This Order shall apply to the Individual Actions and to any related individual actions hereafter filed, which individual actions shall thereafter automatically be deemed to be "Individual Actions" subject to this Order, unless relief from this Order is granted by the Court.

2. The provisions of the Confidentiality Order in the Class Action shall apply to the Individual Actions. Counsel for the plaintiffs in each of the Individual Actions (the "Individual Plaintiffs") shall be entitled to full and equal access to all discovery in the

Class Action on the same terms as counsel for the Lead Plaintiffs in the Class Action, and in accordance with the terms set forth in said Confidentiality Order.

3. The Individual Actions are consolidated with each other and with the Securities Class Action for all purposes. The Court finds that considerations of convenience and judicial economy warrant consolidation. The Individual Plaintiffs will not be unduly prejudiced as they will not be deprived of the right to take necessary supplemental discovery, retain experts, or pursue independent strategies for trial or settlement. Their claim of possible prejudice resulting from the application of the provisions of the Securities Litigation Uniform Standards Act is at this point premature and would not justify the separate trial of the claims of over fifty Individual Plaintiffs as well as those of the class, all of which raise common questions of law and fact.

4. Upon the consent of the parties, there shall be no stay of discovery in the event that defendants move to dismiss the Individual Actions. The Individual Parties shall appoint a coordinating committee of four lawyers to coordinate all discovery by and between the Individual Plaintiffs and defendants and to coordinate all submissions to the Court. Any member of such committee (but only one member of the committee) may act as spokesperson for the committee on any particular discovery matter or with regard to any motions before the Court. Any written communication by a defendant to a member of the committee shall be copied to the remaining three members of the committee. The parties may apply to Judge Pitman if they believe they are in need of further assistance in coordinating pre-trial discovery.

5. By January 14, 2008, defendants in the Class Action shall provide to counsel for the Individual Plaintiffs one copy of: (1) all of the documents and all of the

other discovery that defendants have produced in the Class Action; (2) all of the depositions and all of the deposition exhibits in the Class Action; (3) all of the documents and all of the other discovery that defendants in the Class Action have received from non-parties including, but not limited to, all documents and all other materials that non-parties have produced to defendants in response to subpoenas *duces tecum*; (4) all discovery requests, formal responses and correspondence explaining any limitations on what was produced in response to requests; and (5) all pleadings and court papers filed in the class action. To the extent presently available, all such discovery materials should be produced to counsel for the Individual Plaintiffs in the form of CDs, hard drives, or other appropriate computer-searchable media.

6. By January 14, 2008, Lead Plaintiffs in the Class Action shall provide to counsel for the Individual Plaintiffs one copy of: (1) all of the documents and all of the other discovery that plaintiffs have produced in the Class Action; and (2) all of the documents and all of the other discovery that plaintiffs in the Class Action have received from non-parties including, but not limited to, all documents and all other materials that non-parties have produced to plaintiffs in response to subpoenas *duces tecum*. To the extent presently available, all such discovery materials should be produced to counsel for the Individual Plaintiffs in the form of CDs, hard drives, or other appropriate computer-searchable media.

7. By March 18, 2008 the Individual Plaintiffs shall serve a single consolidated set of notices of deposition. With respect to any witnesses who have already been deposed ("follow-up depositions"), counsel for the Individual Plaintiffs shall identify with reasonable specificity in an attachment to the notice of deposition the

3

topics they believe have not been fully and fairly covered in the prior deposition. If, after conferring with Individual Plaintiffs' counsel, defendants object to the scope of any follow-up deposition, they may apply to Judge Pitman by March 24, 2008 for an order limiting such deposition. Judge Pitman will rule on any such objections during the week of March 31, 2008. All fact depositions noticed by the Individual Plaintiffs shall be completed by June 2, 2008.

8. The Individual Plaintiffs may serve consolidated non-duplicative requests for admission, interrogatories consistent with Local Rule 33.3, and document requests that seek documents not already produced by defendants. Any such request shall be served by March 18, 2008. If, after conferring with the Individual Plaintiffs' counsel, defendants object to any such discovery request, they may serve responses and objections to those requests by March 24, 2008 and, if necessary, apply to Judge Pitman on that same date for a protective order. Judge Pitman will rule on that motion during the week of March 31, 2008.

9. By January 14, 2008 defendants shall serve upon Individual Plaintiffs any (a) document requests, (b) interrogatories regarding standing and (c) other interrogatories contemplated by Local Rule 33.3. Individual Plaintiffs shall respond by February 14, 2008.

10. By February 20, 2008, defendants shall serve any deposition notices upon Individual Plaintiffs. All depositions of Individual Plaintiffs shall be completed by April 15, 2008. No deposition of Individual Plaintiffs shall be taken before February 20, 2008.

11. Defendants' expert disclosures shall be made, as previously scheduled, on March 7, 2008. The Court understands that Class Plaintiffs' and Liberty Media's expert disclosures were made by December 21, 2007.

12. Depositions of Class Plaintiffs' and Liberty Media's experts shall be completed between March 10 and March 28, 2008 and depositions of defendants' experts shall be completed between March 31 and April 21, 2008.

13. By May 15, 2008 Individual Plaintiffs shall file expert disclosures, and defendants shall file any supplemental expert disclosures relating only to claims made by the Individual Plaintiffs by June 6, 2008. Depositions of these experts shall be completed by July 3, 2008.

14. Defendants' motions to dismiss the Individual Plaintiffs' actions and summary judgment motions, if any, shall be filed on June 15, 2008. Opposition papers shall be filed on July 15, 2008. Reply papers shall be filed on July 25, 2008.

16. Trial will begin on October 14, 2008.

17. Absent agreement among the parties or further application to the Court, Individual Actions filed after February 28, 2008 shall be stayed pending trial of the consolidated actions.

18. A status conference will be held on June 27, 2008 at 2:00 p.m. Prior to the conference the parties shall submit a joint proposal for the preparation of a final pre-trial order and related filings (motions *in limine*, deposition designations, proposed jury charges, etc.)

19. Defendant Hannezo is a party to certain of the consolidated actions and is bound by all discovery conducted herein. If the Individual Plaintiffs are unable to effect

service pursuant to The Hague Convention by June 1, 2008 they may apply to the Court for permission to make alternate service.

SO ORDERED.

Dated:  New York, New York
        January 7, 2008

                                            Richard J. Holwell
                                            United States District Judge